IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINETTE CAMPBELL, | : | |
|     Petitioner | : | |
| | : | No. 1:22-cv-02076 |
| v. | : | |
| | : | (Judge Kane) |
| MONROE COUNTY PENNSYLVANIA, | : | |
|     Respondent | : | |

**MEMORANDUM**

Pro se Petitioner Antoinette Campbell ("Petitioner"), having an address listed in Tobyhanna, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.) Although Petitioner has neglected to specify the relief that she is seeking in her Section 2254 petition (id. at 14), the Court finds that the issues presented in her petition are unexhausted. As a result, the Court will dismiss her petition without prejudice.

**I.    BACKGROUND**

Petitioner alleges that, on September 15, 2022, she entered a plea of nolo contendere and was convicted of seven (7) "felonies" and one "misdemeanor" in the Court of Common Pleas of Monroe County. (Doc. No. 1 at 1.) As a result of her conviction, Petitioner alleges that she was sentenced to three (3) years' probation. (Id.) In addition, Petitioner alleges that, after she was sentenced, she filed a motion for reconsideration. (Id. at 2.) Petitioner claims that, although her public defender did not tell her the motion for reconsideration was denied (id.), she "reached out to another attorney[,]" who notified her that the motion for reconsideration had been denied (id. at 7). As reflected by her Section 2254 petition and the underlying docket sheet in the Court of Common Pleas of Monroe County, Pennsylvania, Petitioner did not file a direct appeal and did not file a collateral appeal under the Post Conviction Relief Act ("PCRA"), 42 Pa. Const. Stat. §

9541, et seq. (Doc. No. 1 at 2-12); Commonwealth v. Campbell, No. CP-45-CR-0001634-2021 (Monroe Cnty. Ct. Com. Pl. filed July 8, 2021).

Then, on December 30, 2022, Petitioner filed the instant petition for a writ of habeas corpus pursuant to Section 2254, followed by a motion for leave to proceed in forma pauperis. (Doc. Nos. 1, 4.) Petitioner has not asserted any grounds for habeas relief (id. at 5-12), and she has neglected to specify the type of relief that she seeks in the petition (id. at 14). At most, Petitioner seems to allege that she "would like to now [sic] . . . any results" of her motion for reconsideration. (Id. at 2.)

## II.   LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. Rule 4 provides in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. § 2254.

## III.   DISCUSSION

As set forth above, Petitioner has filed a petition for a writ of habeas corpus pursuant to the provisions of Section 2254. (Doc. No. 1.) This federal habeas statute requires that Petitioner "'[was] in custody under the conviction or sentence under attack at the time [her] petition [was] filed.'" Lee v. Stickman, 357 F.3d 338, 342 n.3 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)); see 28 U.S.C. § 2254(a) (extending jurisdiction to a petition for a writ of habeas corpus filed by "a person **in custody** pursuant to the judgment of a State court . . . " (emphasis added)). Here, Petitioner was on probation at the time she filed her Section 2254 petition and, thus, she has satisfied the "in custody" requirement for purposes of this federal

habeas statute.  See Lee, 357 F.3d at 342 (concluding that it was "clear" the petitioner was "'in custody' for purposes of the habeas statute" when he was on probation at the time he filed his petition).

In addition, this federal habeas statute provides that a petition for a writ of habeas corpus that is filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the [petitioner] has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the [petitioner]."  See 28 U.S.C. § 2254(b)(1).  Thus, a person in custody pursuant to the judgment of a State court who is petitioning for a writ of habeas corpus in federal court must **first** exhaust the remedies available in the State courts, unless the State corrective process is unavailable or circumstances exist that render such corrective process ineffective.  See Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that United States Supreme Court precedent and the Anti-Terrorism and Effective Death Penalty Act of 1996 "mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [State] courts").

The Third Circuit Court of Appeals has explained that, under 28 U.S.C. § 2254(c), a petitioner "'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented.'"  See Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001) (quoting 28 U.S.C. § 2254(c)).  Thus, a petitioner "is generally barred from obtaining federal habeas relief unless the [petitioner] has properly presented his or her claims through one

complete round of the State's established appellate review process." See Woodford v. Ngo, 548 U.S. 81, 92 (2006) (citation and internal quotation marks omitted).

In O'Sullivan v. Boerckel, the United States Supreme Court explained that a person in custody pursuant to the judgment of a State court who is petitioning for a writ of habeas corpus in federal court must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State[.]" See O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999). The Supreme Court further explained that, in considering whether a petitioner has preserved a question for presentation in his or her federal habeas petition, a court must determine not only whether the petitioner has exhausted his or her remedies in State Court, but also whether the petitioner has properly exhausted those remedies—i.e., whether the petitioner has fairly presented his or her claims to the State courts. See id. at 848.

In determining whether the petitioner has fairly presented his or her claims to the State courts, a district court must consider whether the claim is "the substantial equivalent of that presented to the [S]tate courts." See Evans v. Ct. of Common Pleas, Delaware Cnty., Pa., 959 F.2d 1227, 1231 (3d Cir. 1992) (citation omitted). In other words, "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts, . . . and the same method of legal analysis must be available to the [S]tate court as will be employed in the federal court[.]" See id. (citation and internal citation omitted); see also Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001) (explaining that in order to fairly present a claim to the State courts, the petitioner must put the State courts "on notice that a federal claim is being asserted" (citation and internal quotation marks omitted)).

Here, the instant petition reflects that Petitioner did not raise any of her claims on direct appeal or on collateral review. In addition, the information contained in the underlying State

4

court docket sheet confirms that Petitioner has not yet exhausted her State court remedies. Although the time period for filing a direct appeal to the Pennsylvania Superior Court expired before Petitioner filed her Section 2254 petition in this Court,[1] Petitioner may still seek a State remedy other than a direct appeal in the form of a collateral attack on the conviction and sentence pursuant to the PCRA.  See 42 Pa. Cons. Stat. Ann. §§ 9543-9545.  Thus, because Petitioner has an opportunity to obtain meaningful redress at the State level, and because she has not demonstrated that the State corrective process is so clearly deficient as to render futile any effort by her to obtain relief, the Court finds that Petitioner's Section 2254 petition must be dismissed.  This dismissal is without prejudice to Petitioner's right to pursue federal habeas corpus relief upon complete exhaustion of available State court remedies.

## IV.    CONCLUSION

For the reasons set forth above, the Court will dismiss the instant petition pursuant to Rule 4 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.  In addition, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").  An appropriate Order follows.

---

[1] More specifically, Petitioner's motion for reconsideration of her sentence was denied by the trial court on September 29, 2022.  See Commonwealth v. Campbell, No. CP-45-CR-0001634-2021 (Monroe Cnty. Ct. Com. Pl. filed July 8, 2021).  Petitioner had thirty (30) days in which to seek direct review from the Pennsylvania Superior Court.  See Pa. R. App. P. 903(a) (explaining that a notice of appeal shall be filed within thirty (30) days after entry of the order from which the appeal is taken).